United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BYRON CHAPMAN,

      Plaintiff,

  v.

TAMALPAIS MOTEL, et al.,

      Defendants.

Case No. 17-cv-06817-CW

ORDER DENYING MOTION FOR DECLARATORY JUDGMENT

(Dkt. No. 20)

Plaintiff Byron Chapman brought this case against Defendants Tamalpais Motel, Jana Ehinger Martin and Lessa L. Cody as Co-Trustees of the Jana Ehinger Martin Revocable Trust of 2014, Leesa L. Cody as Trustee of the Leesa L. Cody Family Trust, and Arvind Mahendra dba Tamalpais Motel, asserting a cause of action for violation of the Americans with Disabilities Act of 1990 (ADA), among others. On April 23, 2018, Plaintiff filed a motion seeking declaratory judgment that an indemnity agreement between Defendants does not affect their joint and several liability to Plaintiff under the ADA. Plaintiff's motion is construed as a motion for summary adjudication of that issue. Defendants did not file an opposition or statement of non-opposition to the motion, as required under Civil Local Rule 7-3(1) and (b).[1]

The Court agrees that <u>Botosan v. Paul McNally Realty</u> stands for the proposition that both a landlord who owns the building that houses a place of public accommodation and a tenant who owns

---

[1] In the future, Defendants must respond to any dispositive motions brought by Plaintiff. Failure to do so may result in the Court granting summary judgment against Defendants.

or operates a place of public accommodation are required to comply with the ADA, and that any contract "allocation of responsibility between the landlord and a tenant by lease is effective only as between the parties," and thus "has no effect on the rights of third parties." 216 F.3d 827, 833 (9th Cir. 2000) (internal punctuation omitted). But Plaintiff has not provided the evidence necessary to carry his burden of showing that no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, he is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987). For example, his motion is not clear as to which Defendants he deems the "business owner defendants" and which he deems the "property owner defendants." He has not shown that the various Defendants are owners or operators of a place of public accommodation subject to the ADA. Plaintiff also did not provide a copy of the lease or indemnity agreement. Thus, Plaintiff's motion is denied without prejudice.

IT IS SO ORDERED.

Dated: June 13, 2018

CLAUDIA WILKEN
United States District Judge